LOVANCHA MILLER AND FRANKLIN MILLER, EX'RS FOR
PETER MILLER v. JEREMIAH MILLER, BETSEY
MILLER, ORANGE STEVENS AND
WILLIAM H. MILLER.

*Foreclosure—Death of mortgager's wife—Bids withdrawn—Re-sale*

The death of a defendant in foreclosure before the bill of complaint was filed disposed of the objection that as she had not appeared or been brought into court, the cause was not ready for hearing when proofs were taken.

The representatives of a defendant in foreclosure who died before the bill was filed need not be brought in where decedent's only interest in the mortgaged premises was a right of dower.

If a bidder at a statutory foreclosure sale withdraws his offer while the other bidders are still present, the sale should be re-opened, especially if some other person promises a higher bid.

The Foreclosure Statute (Comp. L. ch 218) contemplates that every opportunity shall be given to bidders so that premises may be sold at the best price obtainable, and to that end authorizes the sale to be postponed from time to time.   And it does not contemplate legal proceedings to enforce payment of a bid if the bidder is irresponsible or refuses to pay it.   The sale should be re-opened.

Subsequent purchasers cannot resist the re-opening of a mortgage sale if the successful bidder takes back his offer immediately after acceptance, and while competing bidders are still present.

A sheriff has no right to execute deeds to purchasers on foreclosure if he has previously, to the knowledge of competing bidders, sent a notice of the re-opening and postponement of the sale for publication.

Appeal from Van Buren.   Submitted April 20.   Decided April 25.

FORECLOSURE.   Defendants appeal.   Affirmed.

*Samuel W. Oxenford* and *Germain H. Mason* for complainants.   When there is a dispute about the bids at a foreclosure sale the mortgagees can waive the proceedings and begin again either at law or in equity: *Atwater v. Kinman* Har. Ch. 243; *Gilbert v. Cooley* Wal. Ch. 494; a mortgagee can withdraw his bids at any time on the day of sale before deeds have been executed, and have the sale adjourned in order to get a better price: *Reese v. Dobbins* 51 Ia. 282; foreclosure proceedings are made irregular and voidable if the sheriff deposits a deed after the day of sale and after giving notice of its adjournment: *Doyle v. Howard* 16 Mich. 261; *Grover v. Fox* 36 Mich. 401; *Lilly v. Gibbs* 39 Mich. 455.

*Mills, Crane & Hilton* for defendants.

MARSTON, J.   The bill of complaint in this case was filed for the purpose of foreclosing a real estate mortgage, and no question arises concerning the validity of the same.

A preliminary objection is raised that Betsey Miller, the wife of the mortgagor, who was made a party defendant, had not been brought into court, or appeared, and that the cause therefore was not in readiness for a hearing when proofs were taken and the cause heard.

The decree recites that the bill was taken as confessed by the defendant Jeremiah Miller, the mortgagor, and dismissed the bill as to the defendant Betsey Miller, it appearing that she had died before the time of filing the bill of complaint. This disposes of the objection. It is claimed however that the representatives of Betsey Miller should have been made parties. It is not claimed that she had any interest in the mortgaged premises other than that of dower. Such is the presumption from the facts appearing of record in this case, and as that interest was at an end upon her decease there was no necessity for her representatives being brought in.

The real controversy arises from the fact that in 1879 complainant sought to foreclose by advertisement under the statute. The proceedings up to the date and time of the sale were regular. At the time fixed, Franklin Miller, one of the executors, and one of the complainants in this case, appeared with an attorney, and in the sheriff's office, before that officer proceeded to make the sale, they examined a map showing the location of the mortgaged premises, and as they were to be sold in three separate parcels, a written memorandum was made, and opposite each description was set down the amount the executor would bid therefor rather than to have the premises sold at a less sum. These amounts were for the first description $1000, for the second $500, and for the third $400, and this memorandum was handed the sheriff.

At the sale a number of persons were present, and among them defendants Stevens and William H. Miller, although the bidding was not very spirited. As the premises were offered by the sheriff in parcels, Germain H. Mason, the attorney with the executor, bid $800 for the first description offered, $400 for the second, and $100 for the third, and the sheriff in order announced that each parcel was

sold.    Ample time appears to have been given for others to
bid, but it is not clear that any one bid higher.    Thus far
there seems to be no controversy as to what was done.

At this stage it is claimed by the complainants, and we
find such to have been the facts, that the sheriff was asked
to record the bids made upon the *memoranda* by the execu-
tor, or put up the premises at once again, Mason declar-
ing that he would not carry out the bid made by him.    This
the sheriff declined to do, offered to and did seek counsel
from his attorney as to his power to again put up the prem-
ises or postpone the sale, and upon being advised that he
had the power, concluded to postpone the sale for two
weeks, went to the printer's office, noted and signed an
announcement that the sale would be thus postponed, and
gave it to the printer for publication and it was duly pub-
lished.    A few days afterwards the sheriff notified the
printer not to publish the notice, and made out and depos-
ited with the Register of Deeds a deed of the premises to
complainants as executors, reciting therein a sale to them at
the prices bid by Mason.    Mr. Mason when examined as a
witness in this case testified that in making the bids he did
he was not acting as the attorney of the executors, but this
we consider of no special importance in the present case.

On the adjourned day the executor and Mason again
appeared but the sheriff refused to offer the premises for
sale, and then informed them that he had executed deeds
and deposited the same under the previous sale.

The defendants Stevens and William H. Miller in this
case insist that the sale so made by the sheriff was valid;
that they as subsequent purchasers of the mortgaged prem-
ises had the right to redeem by paying the amounts so bid,
and that they had tendered such amounts.

The statute contemplates that every opportunity will be
afforded to intending purchasers so that the premises may
be sold at the best price obtainable.    For this purpose the
statute authorizes a postponement of the sale from time to
time, and where a bid has been made and accepted by the

sheriff, if the bidder, while the parties are present, declines to carry out his offer, and especially where some other person present offers to make a higher bid, it would become the clear duty of the sheriff to open the sale and again put up the premises. If the person making the bid was irresponsible or declined to pay the amount of his bid, the law does not contemplate an enforcement of the sale and an action at law to recover the amount of the bid. The mort-gagees should not be placed in any worse position than would a stranger. To open the sale and accept a higher bid, with the consent of the previous bidder, certainly injures no one, while it is for the interests of both the mortgagor and mortgagee.

It is true that in this case the defendants as subsequent purchasers were interested in having the premises sold at as low a figure as possible in order that they might the more easily redeem, but at the time the bid was made by Mason and accepted by the sheriff, the sale had not become so far final and complete, that they could insist upon its being carried out.

This whole case shows that the sheriff permitted his actions to be influenced, not in the interests of the mortgagees, but of third parties who would be benefited by having the premises sold at a sacrifice. After he had made out and signed a notice of postponement and handed it to the printer for publication, he had then no right to execute and deposit deeds as though a valid sale had been made, and the executors were not bound thereby.

As no valid sale was made under the statute the complainants were entitled to the relief prayed for and the decree must be affirmed with costs.

Cooley and Campbell, JJ. concurred.